# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROSE MARY LOVE, THE ESTATE OF CLINTON LOVE, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF CLINTON LOVE, FLOYD FREY AND RHENDA FREY, and BLAINE COUNTY, a political subdivision of the State of Montana, <br><br> Defendants. | CV 19-25-GF-BMM <br><br><br> JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

1

# FINDINGS OF FACT

1.    This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Blaine, State of Montana, and is described as follows:

    <u>Township 31 North Range 23 East, MPM</u>
    Section 1: Lot 1 less a tract of land further described in C/S #317874; Lot 2

    <u>Township 32 North Range 23 East, MPM</u>
    Section 36: Lots 2, 3, 4 and 5, E½NE¼, NE¼SW¼, SE¼NW¼, and SE¼ less a tract of land further described in C/S #317874

    <u>Township 31 North Range 24 East, MPM</u>
    Section 6: Lot 2

    <u>Township 32 North Range 24 East, MPM</u>
    Section 30: E½SW¼, W½SE¼
    Section 31: Lots 2, 3, 4, 5, 6 and 7, E½NW¼, W½NE¼

    SUBJECT TO:
    All rights of way and easements as appear of record that predate the United States' mortgages.

2.    On March 14, 1978, the United States pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $45,900.00. This loan is evidenced by a promissory noted dated March 14, 1978. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A. (Dkt. 1, Para. 3).

3.    On March 14, 1978, the United States, pursuant to the Consolidated

Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $329,100.00.  This loan is evidenced by a promissory note dated March 14, 1978.  A true and correct copy of the promissory note is attached to the Complaint as Exhibit B.  (Dkt. 1, Para 4).

4. On March 9, 1979, the United States, pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $42,380.00.  This loan is evidenced by a promissory note dated March 9, 1979.  A true and correct copy of the promissory note is attached to the Complaint as Exhibit C.  (Dkt 1, Para. 5).

5. On March 9, 1979, the United States, pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $57,620.00.  This loan is evidenced by a promissory note dated March 9, 1979.  A true and correct copy of the promissory note is attached to the Complaint as Exhibit D.  (Dkt 1, Para. 6).

6. On March 9, 1979, the United States, pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $127,000.00.  This loan is evidenced by a promissory note dated March 9, 1979. A true and correct copy of the promissory note is attached to the Complaint as Exhibit E.  (Dkt 1, Para 7).

7. On March 9, 1979, the United States, pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $67,900.00. This loan is evidenced by a promissory note dated March 9, 1979. A true and correct copy of the promissory note is attached to the Complaint as Exhibit F. (Dkt. 1, Para. 8).

8. On July 7, 1980, the United States, pursuant to the Consolidated Farm and Rural Development Act, loaned Clinton W. and Rose Mary Love the sum of $159,900.00. This loan is evidenced by a promissory note dated July 7, 1980. A true and correct copy of the promissory note is attached to the Complaint as Exhibit G. (Dkt. 1, Para. 9).

9. As security for the above-described loans real estate mortgages were executed providing real property located in Blaine County, Montana, as security for the promissory notes described above. The mortgages were executed and filed with the Blaine County Clerk and Recorder as follows:

   a. Mortgage executed by Clinton W. Love and Rose Mary Love on March 14, 1978 and recorded with the Blaine County Clerk and Recorder on March 14, 1978, in Book 62 of Mortgages at Page 414. A true and correct copy of this mortgage is attached to the Complaint as Exhibit H. (Dkt. 1, Para. 10, a.)

   b. Mortgage executed by Clinton W. Love and Rose Mary Love on March 9, 1979 and recorded with the Blaine County Clerk and Recorder on March 9, 1979, in Book 63 of Mortgages at Page 161. A

true and correct copy of this mortgage is attached to the Complaint as Exhibit I. (Dkt. 1, Para. 10, b.).

c. Mortgage executed by Clinton W. Love and Rose Mary Love on March 9, 1979 and recorded with the Blaine County Clerk and Recorder on March 9, 1979, in Book 63 of Mortgages at Page 162. A true and correct copy of this mortgage is attached to the Complaint as Exhibit J. (Dkt. 1, Para. 10, c.).

d. Mortgage executed by Clinton W. Love and Rose Mary Love on September 15, 1980, and recorded with the Blaine County Clerk and Recorder on September 15, 1980, in Book 64 of Mortgages at Page 6. A true and correct copy of this mortgage is attached to the Complaint as Exhibit K. (Dkt. 1, Para. 10, d).

10. The above described promissory notes and mortgages are in default. The loans have been processed through primary loan servicing regulations (formerly FSA 1951-S). The debt was initially accelerated August 26, 1997. Defendant Rose Mary Love commenced discrimination litigation through a class action filed in the United States District Court for the District of Columbia in *Rose Mary Love, et al v. Vilsack*, Case Number 1:00CV02502. This litigation resulted in a settlement through the Framework for Hispanic or Female Farmers' Claims Process. The claims deadline was met by Defendant Rose Mary Love, and resulted in a combination of payment, debt relief and tax relief and specifically applied to only loans or loan costs that were incurred between 1981 through 1999. The loans described above and subject to this foreclosure are loans that do not fall within the

5

settlement period. No statute of limitations constrains the power of sale set forth in the real estate mortgages. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993). This complaint does not seek a deficiency judgment but only foreclosure of the mortgages described above.

11. After crediting payments, and eliminating funds owed under any loans during the time period set forth in the Hispanic and Women's Settlement, there is due and owing unpaid principal in the amount of $1,083,897.44, plus accrued interest as of April 1, 2019 in the amount of $2,805,490.50, for total of $4,044,152.20 as of April 1, 2019. Interest continues to accrue from April 1, 2019 to the date of judgment at the rate of $230.37 per day and after judgment at the rate allowed by law. A true and correct copy of the Affidavit of Marilyn McMullen is attached to the Complaint as Exhibit L which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

12. Defendant, Blaine County, has or may have an interest in the property by virtue of property taxes that may be due and owing. The principal amount of such taxes takes priority over the United States. Penalties and interest are subordinate to the United States. (Dkt. 1 Para 13).

13. Tenants Floyd Frey and Rhenda Frey, may have an interest in the real property described in the mortgages by virtue of a lease entered into between the

Freys and Rose Mary Love. This interest is subordinate to the interest held by the United States. (Dkt. 1, Para. 14).

14. Defendant Rose Mary Love, executed a Waiver of Service of Summons; it was filed with the Court on May 1, 2019. (Dkt. 9). Rose Mary Love did not make an appearance. Her Default was entered on July 29, 2019. (Dkt. 17).

15. Defendant Floyd Frey, executed a Waiver of Service of Summons; it was filed with the Court on May 6, 2019. (Dkt. 11). Floyd Frey did not make an appearance. His Default was entered on July 29, 2019. (Dkt. 17).

16. Defendant Rhenda Frey, executed a Waiver of Service of Summons; it was filed with the Court May 1, 2019. (Dkt. 10). Rhenda Frey id not make an appearance. Her Default was entered on July 29, 2019. (Dkt. 17).

17. Kelsie Harwood, Blaine County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on April 11, 2019. (Dkt 6). On April 11, 2019, Defendant Blain County, filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure and order of sale. (Dkt. 7). It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to date of sale.

18. Defendants, the Estate of Clinton W. Love and Unknown Heirs and

Devisees of Clinton W. Love, were served by Summons for Publication in the *Journal New-Opinion* pursuant to 28 U.S.C. ' 1655, on July 17, 2019.  (See Dkt. 19).  Defendants did not make an appearance.  Their default was entered on August 29, 2019.  (Dkt. 22).

## CONCLUSIONS OF LAW

19.   Blaine County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

20.   Plaintiff, United States of America, is entitled to foreclosure judgment against Defendants, Clinton W. and Rose Mary Love for principal in the amount of $1,083,897.44, plus accrued interest as of April 1, 2019 in the amount of $2,805,490.50, for total of $4,044,152.20 as of April 1, 2019, plus interest at the rate of $230.37 per day from April 1, 2019 to the date of judgment, and interest thereafter at the rate allowed by law pursuant of 28 U.S. C. ' 1961.

21.   The Plaintiff, United States, is entitled to an order of sale of the real property described herein.  The United States is not seeking a deficiency judgment.

22.   No statute of limitations constrains the power of sale set forth in the real estate mortgages. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993).

Wherefore, based upon the forgoing Findings of Fact and Conclusions of

Law,

IT IS HEREBY ORDRED, ADJUDGED AND DECREED as follows:

1. Plaintiff, the United States of America, have judgment against Defendants, Defendants, Clinton W. and Rose Mary Love for principal in the amount of $1,083,897.44, plus accrued interest as of April 1, 2019 in the amount of $2,805,490.50, for total of $4,044,152.20 as of April 1, 2019, plus interest at the rate of $230.37 per day from April 1, 2019 to the date of judgment, and interest thereafter at the rate allowed by law pursuant of 28 U.S. C. ' 1961.

2. Each and all of the material allegation contained in Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court with Counsel for Plaintiff to prepare a Notice of Sale and file the Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Blaine County, Montana, and described as follows:

Township 31 North Range 23 East, MPM
Section 1: Lot 1 less a tract of land further described in C/S #317874; Lot 2

Township 32 North Range 23 East, MPM
　　Section 36: Lots 2, 3, 4 and 5, E½NE¼, NE¼SW¼, SE¼NW¼, and SE¼ less a tract of land further described in C/S #317874

Township 31 North Range 24 East, MPM
Section 6: Lot 2

Township 32 North Range 24 East, MPM
Section 30: E½SW¼, W½SE¼
Section 31: Lots 2, 3, 4, 5, 6 and 7, E½NW¼, W½NE¼

　　SUBJECT TO:
　　All rights of way and easements as appear of record that predate the United States' mortgages.

4.　　The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825 (1993). The United States is not seeking a deficiency judgment.

5.　　The real property be sold in one unit or parcel.

6.　　If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7.　　At the time of sale of the real property, the U.S. Marshal be required to provide a Certificate of Sale to the purchaser, and the purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event the Plaintiff is the purchaser at sale and possession of the premises is not surrendered to Plaintiff upon issuance of a Marshal's Deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale, shall be entitled to retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

A. To Blaine County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

B. To Plaintiff, United States, to satisfy the judgment set forth in paragraph 1.

C. Any overplus remaining after the payments to Blaine County and Plaintiff shall be paid by the U.S. Marshal for the District of Montana to the Clerk of this Court for further order of this Court

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgages, either by mortgage, judgment, or decree, or tenant interest, upon the real property described in the mortgages subject to this foreclosure, and their personal

representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

12. For such further relief as this Court may deem just and appropriate.

13. The United States is not seeking a deficiency judgment.

DATED this 16th day of September, 2019.

_____
Brian Morris
United States District Court Judge